1    XAVIER BECERRA
    Attorney General of California
2    JOHN W. KILLEEN
    Deputy Attorney General (attorney for notice)
3    State Bar No. 258395
     1300 I Street, Suite 125
4     P.O. Box 944255
     Sacramento, CA 94244-2550
5     Telephone: (916) 210-6045
     Fax: (916) 324-8835
6     E-mail: John.Killeen@doj.ca.gov
   *Attorneys for Defendant California Labor*
7    *Commissioner Julie Su*

8

           IN THE UNITED STATES DISTRICT COURT

9

         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12

| | |
|---|---|
| **RICK SIEGEL,** | Case No._____ |
|                 Plaintiff, | **NOTICE OF REMOVAL OF ACTION (28 U.S.C. § 1441(A) – FEDERAL QUESTION)** |
|      v. | [Removed from the Superior Court of California, County of Los Angeles, Case No. 17K09001] |
| **JULIE SU,** in her official capacity as the California Labor Commissioner**,** | |
|               Defendant. | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE COURT:

2    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and

3    1446, Defendant California Labor Commissioner Julie Su hereby removes this

4    action from the Superior Court of California, County of Los Angeles, to the United

5    States District Court for the Central District of California.

## THE REMOVED ACTION

7    1.    On July 24, 2017, Plaintiff Rick Siegel, representing himself, filed a

8    complaint in Los Angeles County Superior Court, naming the Labor Commissioner

9    as the sole defendant.  A copy of the complaint is attached hereto as Exhibit A.

10    2.    In the complaint, Siegel alleges that California's Talent Agencies

11    Act (Cal. Lab. Code § 1700 *et seq.*) violates the United States and California

12    Constitutions on its face and as applied to him.

## REMOVAL IS TIMELY

14    3.    The Labor Commissioner was served with the complaint on August

15    31, 2017.  This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

## GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

17    4.    This Court has original jurisdiction over this action because it arises

18    under the Constitution and laws of the United States.  28 U.S.C. § 1331.  The

19    complaint alleges that the Talent Agencies Act violates "the due process and equal

20    protection clauses of the CA. and U.S. Constitutions" and the "Interstate Commerce

21    Clause" of the United States Constitution.

22    5.    This Court has supplemental jurisdiction over Siegel's state law

23    claims (the scope of which is not clear) because they are "so related to claims in the

24    action" over which the Court has original jurisdiction that they form "part of the

25    same case or controversy."  28 U.S.C. § 1367(a).

26    / / /

27    / / /

28    / / /

## VENUE AND INTRA-DISTRICT ASSIGNMENT

6.     Venue is proper in the Central District of California because it is the district embracing the Superior Court of California, County of Los Angeles, in which the removed action is pending. *See* 28 U.S.C. § 1441(a).

7.     Intra-district assignment appears to be proper in the Western Division because the plaintiff and defendant reside in Los Angeles County.

## UNSERVED DEFENDANTS

8.     The Labor Commissioner is the only named defendant in the action. Therefore, the consent of other parties is not needed for removal.

## PAPERS FROM REMOVED ACTION

9.     In accordance with 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders served upon" the Labor Commissioner are attached hereto as Exhibit A. Also attached hereto, as Exhibit B, is a copy of the answer to the complaint filed by the Labor Commissioner on September 28, 2017.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

10.    In accordance with 28 U.S.C. § 1446(d), the Labor Commissioner will promptly provide written notice of removal to all adverse parties and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles.

Dated: September 29, 2017             Respectfully submitted,

XAVIER BECERRA
Attorney General of California

/s/ John W. Killeen
JOHN W. KILLEEN
Deputy Attorney General
*Attorneys for Defendant California
Labor Commissioner Julie Su*

SA2017109057
12830315.docx

3

# Exhibit A

*Edna PERSONALLY SERVED 8/31/17 @ 11:21AM*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**JUL 2 4 2017**

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Julie Su, acting in her official capacity as Labor Commissioner

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Rick Siegel

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Stanley Mosk Courthouse<br>110. N. Hill Street Los Angeles CA | 17K09001 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE: **JUL 2 4 2017** *(Fecha)* | **SHERRI R. CARTER** *(Secretario)* | **VICTOR SINO-CRUZ** , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☑ other *(specify):* <u>state administrative agency; the Labor Commission</u>
4. ☒ by personal delivery on *(date):* <u>8/31/2017</u>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | CONFORMED COPY ORIGINAL FILED Superior Court of California County of Los Angeles |
|---|---|
| Rick Siegel 22971 Darien Street Woodland Hills, CA 91364 TELEPHONE NO.: 323.864.7474   FAX NO.: ATTORNEY FOR *(Name):* pro se | JUL 24 2017 Sherri R. Carter, Executive Officer/Clerk By Victor Sino-Cruz, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Siegel v. Julie Su, in official capacity as CA Labor Commissioner

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 17K09001 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Facial and As Applied Violations of Due Process/Equal Protection Clauses
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

Rick Siegel
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

Rick Siegel
22971 Darien Street
Woodland Hills, CA 91364
323.512.2600 phone
323.864.7474 mobile
ricksiegel@marathonentco.com
Acting pro per

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 24 2017

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

| | |
|---|---|
| **RICK SIEGEL**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**JULIA SU**, in her official capacity as the California State Labor Commissioner<br><br>Defendant. | CASE NO. **17K09001**<br><br>**COMPLAINT ASKING FOR DECLARATIVE RELIEF AS TO THE CA. TALENT AGENCIES ACT §§ 1700.4(A) AND 1700.5 BEING, ON THEIR FACE AND AS APPLIED, VIOLATIVE OF:**<br>**(1) THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE CA. AND U.S. CONSTITUTIONS;**<br>**(2) THE INTERSTATE COMMERCE CLAUSE**<br><br>under $10,000.00 |

## PARTIES

1.    Plaintiff Rick Siegel is an individual living and working in the County of Los Angeles. The president and sole shareholder of personal management firm, Marathon Entertainment, Inc., a California-based corporation from 1995-2008, he returned to the occupation of personal management in January 2017 and works as a sole proprietor doing business as Marathon Entertainment. He was Plaintiff in Marathon Entertainment v. Rosa Blasi, 42 Cal 4th 974 (2008), which forced the Labor Commissioner to consider the doctrine of severability when adjudicating Talent Agencies Act (TAA, Act) controversies.

2.    Defendant Julia Su is the California State Labor Commissioner, who among other responsibilities, has been empowered to administer, police and rule on all debates related to the California State Talent Agencies Act.

1

## VENUE AND JURISDICTION

7.    Jurisdiction is proper in this Court as this controversy is first and foremost about violations of state law and those actions are first to be heard in a superior court.

8.    Venue is proper in this Court because the causes of action arose in Los Angeles and Defendants currently reside or conduct business in this district (*C.C.P.* §§393, 395(a).)

## FACTUAL BACKGROUND

9.    My name is Rick Siegel. I was a successful Los Angeles-based personal manager whose career and former business, Marathon Entertainment, Inc., was compromised by three concurrent CA. Talent Agencies Act controversies. One of the matters, Marathon Entertainment v. Blasi, 42 Cal. 4th 974 (2008) concluded with the finding that the CA. Labor Commissioner wrongfully did not consider the theory of severability when adjudicating those and other Talent Agencies Act ("TAA," "Act") disputes.

10.    After a decade away from the profession I loved and was quite good at, I wish to return; again wanting to work with artists and turn their dreams into goals into realities. However, just as the State Labor Commission ("SLC") was shown to be wrong relevant to severability in Marathon, just as it was shown to wrongly interpreted the Act related to arbitration (See Preston v. Ferrer, 552 U.S. 346 (2008), there are a litany of other problems with its enforcement. It leaves me, and the representation community in general, a need to know what, if anything, a personal manager cannot do without risking more entanglements with the TAA and the SLC.

11.    My current circumstances give me standing.

12.    In mid-April 2017, I agreed to represent a comedian/actor professionally known as Ant. As he did not have one, one of the first objectives would be to find Ant a licensed talent agency to represent him with me. However, before even having that chance, Ant appeared on an episode of the CBS daytime series, THE DOCTORS. On the afternoon of the April 27th taping, Ant called to tell me that his appearance had gone so well, THE DOCTORS' production company, Stage 29 Productions, wanted to talk to us about entering a development deal for Ant to front his own docuseries.

13.   Before the Stage 29 deal was fully negotiated, a talent agency with a California license, Don Buchwald & Associates, did agree to represent Ant on reality and hosting projects. However, the agency did not have anything to do with the procuring the opportunity, only negotiating it. Instead, the opportunity came from a television appearance that took place while I was Ant's sole California representative, and for the first few weeks all the conversation with the production company was done without the involvement of a licensed talent agency. Also, because Buchwald chose not, at least as of today, to represent Ant as an actor, the times I sent out his picture resume was also done on my own.

14.   On Thursday, June 1st, Ant and I had our first meeting at Buchwald's Los Angeles office after his signing with the agency and completing the contract with Stage 29. The following Monday morning, June 4th, Ant called me at 8:30AM and fired me, telling me that after great thought, he did not want to have a personal manager.

15.   During that conversation, Ant said that he wanted to provide me, and he later did, with a letter memorializing his intention to pay commissions on the docuseries should the project be realized (Exhibit 1). This is in no way reassuring, as it is easy to supply such a note when there is no money currently involved; should the show get on air and there are millions involved, there is nothing stopping Ant from petitioning the Labor Commissioner and asking that the administrative agency to disgorge my contractual rights.

16.   As I got involved in an employment opportunity for an artist without a licensed talent agent involved, I am at material risk of economic loss, caused by the State's Labor Commissioner's current, and as the action will show, wrongful interpretation of the California Talent Agencies Act. A determination finding that the TAA has been wrongfully and unconstitutionally interpreted and declarative relief from such interpretation will provide the needed redress and allow me and the entire profession of personal managers, along with publicists, producers and attorneys who live in the fear of a TAA controversy.

## GENERAL ALLEGATIONS

17.   For a statute to pass constitutional muster, there must be clarity as to (1) who is being subjected to the regulation, (2) what activity is being regulated, and (3) the consequences for ignoring the limitations/prohibitions of the regulation. While this action

focuses on the lack of penalty provision and how, per four CA. Supreme Court precedents, the Labor Commissioner thus has no authority to infringe or disgorge a found violator's contractual rights, the Talent Agencies Act fails in all three areas.

18.     In Marathon v Blasi, the State Supreme Court determined that personal managers were subject to the regulations of the TAA because CA. Labor Code § 1700 states that, per "this chapter, 'person' means any individual, company, society, firm, partnership, association, corporation, limited liability company, manager, or their agents or employees" and the term 'manager' is part of that list of those subject to regulation.

19.     That list, however, speaks to one's place/title in an organization, not one's occupation, and CA Labor Code § 1700.5 speaks specifically to occupation: "No person shall engage in or carry on the occupation of a talent agency without first procuring a license therefor from the Labor Commissioner." Even had the list specifically detailed occupation, the term 'manager' is still vague. Do business managers, store managers, property managers, baseball managers need to get a talent agency license? If the Legislature wanted to regulate personal managers, they should have expressly stated that. Instead, as will be elucidated as this matter moves forward, when the Legislature changed the name of the relevant act from the Artists' Managers Act to the Talent Agencies Act in 1978, they first considered and then rejected including personal managers from this legislation. While the Plaintiff understands no lower court can he vagueness re: who is being regulated is being memorialized in case this matter ends up at the CA Supreme Court, so they can re-examine this issue.

20.     The Labor Commissioner, and courts following her interpretation, find CA Labor Code $ 1700.5, in conjunction with § 1700.4(a), prohibits all those without talent agency licenses from procuring. It simply does not. (§ 1700.4(a): "Talent agency" means a person or corporation who engages in the occupation of procuring, offering, promising, or attempting to procure employment or engagements for an artist or artists...")

21.     Most occupational statutes regulate activities by clearly stating only licensees can engage in a particular activity. The State Accountant, Psychology and Landscape Architects Acts, only regulate title: while only licensees can call themselves accountants, psychologists or landscape architects, anyone can engage in the defining activities of their

professions (i.e., non-licensees can be paid to keep financial records, use psychological principles to influence others, or beautify and maintain outdoor areas.) No non-licensee is found to violate those licensing schemes simply for engaging in these defined activities unless they are also holding themselves out as a licensed practitioner: using the title without procuring the pre-requisite certification. Plaintiff is unaware of anyone outside of TAA controversies facing consequences for engaging in a defined activity of a regulated occupation/profession without there also being a statute delineating that only licensees could engage in that activity, making the activity as well as the title clearly regulated.

22.     The Talent Agencies Act's construction mirrors the above licensing schemes, where the occupation is defined by a certain set of activities but there are no statutes, unlike the State Contractors, Physicians, Pharmacists and most other licensing schemes, where the Legislature expressly makes any of the defined activities of the scheme the exclusive purview of licensees. Without those prohibitions, the TAA leaves the title of talent agent – like the Accountant, Psychologist, and Landscape Architect Acts – where the certification of being to hold oneself out with a term that designates one to be a specialist as the separation between licensees from non-licensees. While Plaintiff understands no lower court can disturb the existing relevant precedent, the vagueness re: what is being regulated, be it the activity of procuring or just the title talent agent, is hereby memorialized should this matter ends up at the CA Supreme Court, so they can re-examine this issue.

23.     The vagueness related to the term "procurement" is a fresh issue and thus one this court can resolve free from precedent. Quoting Marathon, "We note we are not called on to decide, and do not decide, what precisely constitutes 'procurement' under the Act. The Act contains no definition, and the Labor Commissioner has struggled over time to better delineate which actions involve mere general assistance to an artist's career and which stray across the line to illicit procurement." Id. at 989.

24.     Likewise, the vagueness related to the consequences Talent Agencies Act violators face is a fresh issue and thus one this court can resolve free from precedent. Again, from Marathon: "The Act is silent — completely silent — on the subject of the proper remedy for illegal procurement." Id. at 990.

25.     Just this alone makes the Act unconstitutionally vague on its face. State and federal holdings are universal: citizens must be given notice of what might befall them should they choose to violate the law, whether it be a moving violation being harsher in a construction zone, obstruction of justice or violations of a licensing schemes. The Labor Commissioner has for five decades arbitrarily created and doled out a variety of remedies, an unconstitutional application of the statute.

26.     There is no rational basis for the current application of this Act. As will be delineated in full as this matter moves forward, the TAA was created to keep employers from also acting as employment counselors. When first enacted, it was because the owners of the burlesque halls and bordellos were masquerading as talent agents as an attempt to lure ingenues who otherwise would not into working for them.

27.     While that was successful, as the Labor Commissioner started to interpret the Act in a manner that required all procurement of employment to go through a talent agent, creating a monopoly for California-licensed talent agents. And in doing so, it opened the door for artists to be repeatedly be compromised by employment counselors also becoming employers. Most famously, from 1953 until 1962 MCA Talent also had a production arm, and only when Attorney General Robert Kennedy and the Justice Department threatened suit did MCA stand down. In the 1990's many of the large management firms were given millions of dollars by the major studios. As an example, Columbia Pictures paid Brillstein-Grey Entertainment $80,000,000, to serve as the production entity and employ BGE clients (Jim Belushi/ACCORDING TO JIM, Bill Maher/REAL TIME WITH BILL MAHER, etc.). And for the last decade, the major talent agencies have created film funds and employing their clients in films they are associated with, buying sports leagues and representing the leagues' athletes, starting major media companies and hiring their clients, and the Labor Commissioner has remained silent.

28.     It is bad enough the Labor Commission is wrongly interpreting the Act, it has hurt the industry that it has ignored the correct and needed application of the Act.

## FIRST CAUSE OF ACTION FOR DECLARATIVE RELIEF

### CA. Lab. Code §§ 1700, 1700.4(a) and 1700.5 Facially Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And California Constitution, Art. I, § 7 As There Is No Clarity As To Who Is Subject To The Regulation

29.     Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-28 above as though fully set forth at length.

30.     Labor Code § 1700 references individuals related to their place in an organization, not related to their occupation or work activities. It does include the term 'manager,' but along with, per the theory of ejusdem generis, that as all the other terms on the list speak to one's place in the organization, it must be assumed that manager in this context is likewise. Furthermore, there are many different kinds of managers relevant to occupation and the statute does not specify which if any it may have meant.

31.     Even in context with §§ 1700.4(a) and § 1700.5, it is impossible for an ordinary person to ascertain whether the Talent Agencies Act regulates only those who hold themselves out as title-holders of the specialty of talent agent, or whether the Act, as has been interpreted, incorporates anyone regardless of claimed occupation, who engages in the defined activities of the talent agent. As such, this Court should find these statutes unconstitutionally vague on its face and bar any enforcement until and unless these inadequacies are fixed.

## SECOND CAUSE OF ACTION FOR DECLARATIVE RELIEF

### CA. Lab. Code §§ 1700, 1700.4(a) and 1700.5, As Applied By The State Labor Commissioner Related To Who Is Affected By The Regulation, Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And CA. Constitution, Art. I, § 7.

31.     Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-30 above as though fully set forth at length.

7

32.     Along with stating that along with procuring or attempting to procure employment, § 1700.4(a) also states that, "Talent agents may, in addition, counsel or direct artists in the development of their professional careers." The Labor Commissioner enforces these statutes as if they clearly regulate anyone, regardless of their chosen or claimed profession, who engages in procuring, one of the three defined activities of a talent agent. Yet, without the statute as written offering any delineation, the Labor Commissioner does not find those who engage in counseling or directing artists a violation of the Act.

33.     Arbitrary enforcement, as is the case here, where it is not just possible but more logical to enforce the statute in a different way, is the very embodiment of the unconstitutional application of a statute. As such, this Court should declare that the Act is unconstitutional as applied and bar further such application.

## THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

**CA. Lab. Code §§ 1700, 1700.4(a) and 1700.5 Facially Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And California Constitution, Art. I, § 7 As There Is No Clarity Relevant To What Activities Are Reserved For Licensees**

34.     Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-33 above as though fully set forth at length.

35.     Labor Code § 1700.5 unequivocally states that before one can hold themselves out as being in the occupation of talent agent, they must first obtain a talent agency license.

36.     However, without clarity as the scheme is written as to what is meant by the term 'procure' and whether only licensees can procure, counsel and/or direct, these statutes are unconstitutionally vague on their face.

37.     § 1700.4(a) defines a talent agent as one who works to procure job opportunities and may also direct and counsel artists. However, nowhere in the Act as written is there a specific statute expressly stating that only licensees can engage in procuring employment activities or prohibit non-licensees from procuring employment opportunities for artists.

38.     Likewise, there is no specific statute expressly stating that only licensees can direct or counsel artists or prohibit non-licensees from directing or counseling artists.

39.     An examination of all other licensing schemes shows that when the State wants to make a specific activity the exclusive domain of licensees, they codify a statute making that clear to all interested parties. Without any such statute, it is impossible for an ordinary person to know whether or not they can engage in any or all of the defined activities, rendering the statutes facially unconstitutional.

40.     Court after court has found the term 'procure,' when found in statutes without further delineation, is facially unconstitutional. As noted above, our Supreme Court has given of its doubt that it will pass constitutional muster here either by noting that the, "Act contains no definition, and the Labor Commissioner has struggled over time to better delineate which actions involve mere general assistance to an artist's career and which stray across the line to illicit procurement." Marathon Supra at 985. "

41.     Without the needed clarity so ordinary people can discern what entails illicit procurement, or even whether procuring for, counseling and/or directing artists is a TAA violation, these statutes do not pass facial constitutional muster.

## FOURTH CAUSE OF ACTION FOR DECLARATIVE RELIEF

**CA. Lab. Code §§ 1700, 1700.4(a) and 1700.5, As Applied By The California Labor Commissioner Related To What Activities Are Affected By The Regulation, Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And California Constitution, Art. I, § 7.**

42.     Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-41 above as though fully set forth at length.

43.     The Labor Commissioner interprets the TAA, and the courts have followed this interpretation, that the Act regulates conduct. As the Act as written does not lend itself to that interpretation, but instead mirrors the licensing schemes where only the occupation's title is the exclusive domain, the Commissioner's application of the Act is unconstitutional.

44.    A majority of TAA determinations note how the Labor Commissioner chooses to incorporate one's negotiating a deal as part of procurement. For example, it found Los Angeles attorney James Blancarte to have violated Labor Code § 1700.4(a) for negotiating an employment contract he had nothing to do with procuring – the artist came to him with the job opportunity in hand, just wanting a contract specialist to negotiate the best possible terms. See Blancarte v. Solis, TAC 27089, Pgs. 8-9; "The Labor Commissioner has long recognized that the acts undertaken in the course of negotiating an agreement for the employment of an artist constitute 'procuring... or attempting to procure employment' within the meaning of section 1700.4, subdivision (a)."

45.    This recognition is ill-founded. Procurement has to do with the beginning of a transaction, negotiation is the process after procurement that determines whether a deal is consummated. As will be detailed as this matter moves forward, not only is procurement not synonymous with negotiation, none of the synonyms of procurement is synonymous with the many synonyms of negotiation. There is nothing in the legislative history of the Act that gives even the slightest indication that the State wanted to make attorneys, who have a sophisticated licensing scheme with testing and continuing education requirements, should also have to get a talent agency license to do the job of which they are trained.

46.    The Labor Commissioner's contradictory, arbitrary findings related to what constitutes illicit procurement along with her wrongful conflation of procurement and negotiation, is the epitome of unconstitutionally vague as applied; there is no synchronicity between how her enforcement and how Act is written, its legislative history and the rational basis for the Act.

## FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF

**CA. Lab. Code §§ 1700, 1700.4(a) and 1700.5 Facially Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And California Constitution, Art. I, § 7 As There Is No Clarity Relevant To What The Consequences Are Should One To Be Found To Have Violated These Statutes**

47. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-46 above as though fully set forth at length.

48. As noted above, the Talent Agencies Act contains no remedy: no notice of fines, penalties, jail time or any other consequence for anyone found to have violated a Talent Agencies Act statute. That alone leaves the TAA, until and unless the Legislature creates a remedy, inarguably unconstitutional on its face.

## SIXTH CAUSE OF ACTION FOR DECLARATORY RELIEF

**CA. Lab. Code §§ 1700, 1700.4(a) and 1700.5, As Applied By The State Labor Commissioner Related To Remedies Meted Out, Violates The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And California Constitution, Art. I, § 7.**

49. Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-48 above as though fully set forth at length.

50. According to State v. Fair Lawn Service Center, 120 A.3d 233 (NJ 1956), "Where a statute fails to provide a penalty it has been uniformly held that it is beyond the power of the court to prescribe a penalty." Id. at 236. Not most, or nearly all holdings, but save the enforcement of the Talent Agencies Act, ALL holdings related to a lack of notice of penalty result in an adjudicative prohibition of prescribing one.

51. The State was a party in a USSC case related to this issue: ""Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed." *Lambert v. California*, 355 U.S. 225 (1957).

52. The Labor Commissioner uniformly disgorge the contractual rights of found violators. Even with clarity related to both who and what is regulated, "An administrative agency cannot by its own regulations create a remedy which the Legislature has withheld. 'Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations.' *Morris v. Williams,* 67 Cal 2d 733, 748

11

1  (1967)." *Dyna-Med, Inc. v. Fair Employment & Housing Comm.,* (1987) 43 Cal. 3d

2  1385,1388. And in self-creating the authority to disgorge a violator's contractual

3  rights, the Labor Commissioner is doing just that.

4       53.    Further, the Labor Commissioner's impinging on a violator's contractual

5  rights without the Act having a penalty provision is unaligned with four State

6  Supreme Court holdings. <u>Wood v. Krepps</u>, 168 Cal 382 (1914) at 386, <u>Smith v.</u>

7  <u>Bach</u>, 183 Cal. 259 (1920) at 262, <u>Loving & Evans v. Blick</u>, 33 Cal. 2d 603 (1949) at

8  608-609, and <u>Severance v. Knight-Counihan Co.</u>, 29 Cal. 2d 561 (1947) at 568 all

9  speak to how, when there is no statutory notice of remedy in a licensing scheme,

10  adjudicators do not have the authority to in any way interfere with the violator's

11  contractual rights.

12       54.    As there is no notice of penalty, the Labor Commissioner's application –

13  infringing on the violator's contractual rights – is unconstitutional.

14

15  <u>**SEVENTH CAUSE OF ACTION FOR DECLARATIVE RELIEF**</u>

16  **The Labor Commissioner's Application Of The Talent Agencies Act Is A Unconstitutional**

17  **Burden On And Thus Violates The Interstate Commerce Clause Of The U.S. Constitution**

18

19       55.    Plaintiff realleges and incorporates herein by reference each and every

20  allegation of paragraphs 1-54 above as though fully set forth at length.

21       56.    As enforced by the Labor Commissioner, a California-based personal manager

22  or any non-licensed representative (attorney, producer, promoter, publicist) violates the Act

23  if they help their artist get work outside of California and do not use a licensed talent

24  agency.

25       57.    It should not be surprising that despite being the leader, California does not

26  have a monopoly on good agents. For instance, Associate Booking Corporation (ABC) of

27  New York City (http://www.associatedbooking.com/news.html) has been a trusted provider

28  of job opportunities for urban artists since first co-founded in 1940 by Louis Armstrong.

58.     Among the artists ABC has represented: Anita Baker, sharing the representational responsibilities with California-based personal manager Sherman Bash. The Labor Commissioner found that by working with the New York agency, as well as a European marketing company on a French endorsement deal for Ms. Baker, Mr. Bash was found to have procured employment opportunities without the requisite license and lost millions in compensation. Baker v. Bash, TAC 12-95.

59.     Similarly, a personal manager who used out-of-state booking agents to obtain work for "The Platters" at county and state fairs throughout the Midwest was found to have violated the TAA by employing unlicensed out-of-state talent agencies Martha Robi v. Howard Wolf, TAC 29-00.

60.     For these transactions to be lawful per the Commissioner's enforcement, either the regional, New York and European agents would have had to get licensed or Mr. Bash would have had to have added a licensed agent into the transaction. As of 2015, there were no out-of-state talent agencies that did not have an in-state nexus to California that had an active talent agency license; it just doesn't happen. And should the agents wanted to comply, they would have had to do it post-procurement; only doing so after obtaining the job opportunity, so they still would have been at risk. If licensing would have been made an issue, they would have moved on and not been of service to Ms. Baker and/or The Platters.

61.     And had Baker/Bash or Wolf/Platters enlisted a licensed talent agent to ensure the legality of the transaction, it would have cost the artists another ten percent of their gross income to stay within the confines of the law as the TAA is currently enforced.

62.     Either choice is an unconstitutional burden to interstate commerce and thus should move this Court to grant declaratory relief and bar any further such enforcement.

63.     Equally absurd: when an out-of-state artist is able to even initiate a TAA petition for controversy in a matter that is so clearly interstate commerce. A Florida judge meets a California personal manager in Nevada and uses the manager to get a

13

job with a Delaware Corporation to be the star of a television show to be produced in Texas. While it is easy to argue that this case, <u>Preston v. Ferrer</u>, 552 U.S. 346 (2008) resulted in an important clarification of justice re: Arbitration clauses, it was also a lost opportunity to showcase the irrational overreach of the California Labor Commission for its decision to accept the petition for controversy in the first place.

64.    There are actually two absurdities here: along with the clear lack of jurisdiction a California administrative agency should have had in this case, the TAA was created to protect Californians. Here, the Labor Commissioner allowed an out-of-state resident who never did any in-state commerce to use the TAA as a tool to delay and his hope eliminate the need to pay the Californian the Judge hired to help get him a job.

65.    This is not a one-off. Instead of simply saying to people who have no jurisdiction that their petition is being rejected, the Labor Commissioner will take all controversies for hearings, not even allowing for pre-hearing summary judgment motions, meaning that people who have done work with the expectation of compensation may have to wait months, often literally years for the determination that there was in fact jurisdictional issues.

66.    The Commerce Clause must be invoked here. This Court must provide declarative relief and foreclose the Labor Commissioner from ever again allowing the TAA to interfere with and be an unconstitutional barrier to interstate commerce.

## EIGHTH CAUSE OF ACTION FOR DECLARATIVE RELIEF

**The Labor Commissioner's Failure To Provide Resolution Of Talent Agencies Act Violations In A Timely Manner Is A Violation The Due Process Clause Of The Fourteenth Amendment Of The United States Constitution And California Constitution, Art. I, § 7.**

67.    Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-66 above as though fully set forth at length.

14

68.     It is common for the Defendant to take a year, in many cases multiple years, between the time a matter is fully submitted to the Commissioner and when determinations are rendered. In Chapman v Krutunog, TAC 3351, the matter was fully heard and briefed by January 2010 and the determination handed down on October 29, 2012. Two current matters under consideration that the Plaintiff served as a non-attorney representative, Makana v Bunch, TAC 37059, where the post hearing briefs were submitted in August of 2015, and ICM v Bates, TAC-24469, which was fully briefed in December 2016, are still awaiting determinations. It was 14 months between the matters being fully submitted to the determination in Todd v Meagher, TAC 13418 and Gittleman v. Karolat, TAC 24-02. It was almost four years between when the matter was fully submitted in Aisha Tyler vs. Laugh Factory Management (TAC 31-01) and when the determination was rendered: June 25, 2002 to February 2006, over three and a half years later.

69.     Should this matter need discovery, it will show that there are also cases where the parties settled in some cases over two years after submission of the matter and the personal manager could no longer survive without making a settlement at cents on the dollar.

70.     As the constitution requires adjudicators to do their jobs in a timely and efficient process, this enforcement, or the lack thereof, plainly violates the substantive due process provision of the 14th Amendment.

## NINTH CAUSE OF ACTION FOR DECLARATIVE RELIEF

### There is No Rational Basis For The Labor Commissioner's Current Enforcement Of The Talent Agencies Act

71.     Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-70 above as though fully set forth at length.

72.     The Talent Agencies Act was originally created to protect ingenues being lured into working at bordellos and burlesque halls by representatives of those establishments masquerading as employment counselors. The basic premise – to ensure that there is a

15

separation between employment counselors and employers, so employers cannot warehouse talent or otherwise take advantage of artists – has as much validity today as it did in 1913.

73.     It is the reason why, in 1962, the Justice Department made MCA divest either its talent agency or production studio arms. And why there should be real fear of abuse by the talent agencies and their production and media arms today.

74.     The Labor Commissioner did not effort to go after MCA in the 1950's and 60's, nor did it go after personal management arms with eight-figure deals to produce and employ their clients in television series in the 1990's, or are doing anything today to stop major talent agencies from: (1) owning sports leagues while simultaneously representing that league's athletes, and (2) creating film production adjuncts, film funds and producing films and employing their clients to write, direct and star in them.

75.     Instead the Commissioner chooses to enforce the Act not to regulate talent agents from also being employers, as was the reason for the original legislation, but to protect them from competition, to offer greedy artists to first employ and get the benefit of a representative's labor and then use the Act as a sword to get out of paying for that benefit, all under the guise of making sure only the right people are talent agents.

76.     However, the Legislature has never created any apprenticeship, education, training or certification needed to be a talent agent, like it does for all other professions it wished to ensure a level of professionalism for. If the legislature really did intend to ensure that only 'specialists' were able to be certified as talent agents, they would have made something more than some cash and some fingerprints the requirements.

77.     Without that, it is a stretch too far to accept that the Act is to keep unqualified people from being called talent agents because the bar to be qualified is so minimal.

78.     And as the clear intent of the Act is being ignored, and there is no enforcement of talent agencies/employment counselors also being production entities/employers, it is clear that no rational basis for the Act exists, and even if one claims there is, it is clear that is not in any way being enforced.


**PRAYER FOR RELIEF**

16

79.     The California Labor Code Sections 1700, 1700.4 (a) and 1700.5 are all on their face and as applied unconstitutionally vague, as there is confusion as to who is subject to regulation, what the regulations are, and undeniably, what penalties should be meted out if a violation is found.

WHEREFORE, PLAINTIFF prays the court to:

(1) Declare these statutes unconstitutional on their face and as applied;

(2) Bar Defendant, via injunction, from interfering in the contractual rights of any representative and their client based upon violations found from these statutes;

(3) Grant Plaintiff costs in this action, including reasonable attorneys' fees; and

(4) Grant Plaintiff any such other relief as may be just and equitable.


Respectfully Submitted,



Rick Siegel

Plaintiff, Pro Per

17

79.     The California Labor Code Sections 1700, 1700.4 (a) and 1700.5 are all on their face and as applied unconstitutionally vague, as there is confusion as to who is subject to regulation, what the regulations are, and undeniably, what penalties should be meted out if a violation is found.

WHEREFORE, PLAINTIFF prays the court to:

      (1) Declare these statutes unconstitutional on their face and as applied;

      (2) Bar Defendant, via injunction, from interfering in the contractual rights of any representative and their client based upon violations found from these statutes;

      (3) Grant Plaintiff costs in this action, including reasonable attorneys' fees; and

      (4) Grant Plaintiff any such other relief as may be just and equitable.

Respectfully Submitted,

Rick Siegel

Plaintiff, Pro Per

17

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2016**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.



DATED: June 29, 2016

CAROLYN B. KUHL
Presiding Judge

1
GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 0 7 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

BY C. CASAREZ, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| In re Limited Civil Jurisdiction Cases Calendared in Department 77 (Non – Collections Cases) )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: **17K09001**<br><br>2nd AMENDED<br>GENERAL ORDER |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

1. PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE</u>, AS MANDATED IN THIS ORDER.

2. The Court sets the following trial date in this case in Department 77 (7th floor, Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

TRIAL: 0 1 / 2 4 / 2019 OSC: 0 7 / 2 4 / 2020

<u>TRIAL:</u>
- Date: _____ at 8:30 a.m.

Second Amended General Order – Page 1 of 4

## SERVICE OF SUMMONS AND COMPLAINT

3.      The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint.  The trial date may be continued to a later date if service is not accomplished within six months.  The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.      The summons and complaint shall be served upon the defendant(s) within three years after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).)  Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).)  The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

### UNSERVED PARTIES DISMISSAL DATE

TRIAL: 0 1 / 2 4 / 2019  OSC: 0 7 / 2 4 / 2020

---

5.      No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

## LAW AND MOTION

6.      All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.  A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it

through the Court Reservation System (CRS). All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7. <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to **lacourt.org**, select "Civil" Division, and then click on "Tentative Rulings."

### EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 77. All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

### JURY FEES

9. The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

### STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

### TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the parties shall bring with them to Department 77 all of the following:

i. A printed Joint Statement of the Case;

ii.    Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC) see local rule 3.57;

iii.   A printed Joint Witness List disclosing an offer of proof regarding each testimony, the time expected for testimony, and the need of an interpreter.

iv.    Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v.     A printed Joint Proposed Jury Instructions, and

vi.    A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: 3/7/16

Hon. Kevin C. Brazile
Supervising Judge of Civil

# Exhibit B



CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

SEP 28 2017

Sherri R. Carter, Executive Officer/Clerk
By: Cristina Grijalva, Deputy

1  XAVIER BECERRA
   Attorney General of California
2  JOHN W. KILLEEN
   Deputy Attorney General
3  State Bar No. 258395
      1300 I Street, Suite 125
4     P.O. Box 944255
      Sacramento, CA 94244-2550
5     Telephone: (916) 210-6045
      Fax: (916) 324-8835
6     E-mail: John.Killeen@doj.ca.gov
   *Attorneys for Defendant California Labor*
7  *Commissioner Julie Su*

*Exempt from Filing Fees Pursuant to*
*Government Code §6103*

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11

12

13

14  **RICK SIEGEL,**                          Case No. 17K09001

15                            Plaintiff,       **ANSWER OF CALIFORNIA LABOR
                                               COMMISSIONER JULIE SU TO
16          v.                                 COMPLAINT FOR DECLARATORY
                                               RELIEF**
17  **JULIE SU,** in her official capacity as the
18  California State Labor Commissioner,       Dept:      77
                                               Judge:     TBD
19                            Defendant.       Trial Date:  January 24, 2019
                                               Action Filed:  July 24, 2017

20

21

22

23

24

25

26

27

28

                                    1

                                                        Answer (17K09001)

Defendant California Labor Commissioner Julie Su answers the complaint filed by Rick Siegel as follows:

### GENERAL DENIAL

The Labor Commissioner generally denies each and every allegation set forth in the Complaint pursuant to California Code of Civil Procedure section 431.30, subdivision (d). In addition, without admitting any allegations contained in the complaint, the Labor Commissioner asserts the following defenses based on information and belief:

### FIRST DEFENSE

The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against the Labor Commissioner.

### SECOND DEFENSE

All alleged acts done by the Labor Commissioner, her agents, employees, or representatives were performed fairly, in good faith and for a lawful purpose, and were reasonable and justified under the circumstances.

### THIRD DEFENSE

The Complaint, and each cause of action, is barred by the doctrines of estoppel, laches, unclean hands, and/or waiver.

### FOURTH DEFENSE

The Complaint, and each cause of action, is barred by the doctrines of issue preclusion (collateral estoppel) and claim preclusion (res judicata).

### FIFTH DEFENSE

The Complaint is barred because Plaintiffs have failed to exhaust all available administrative remedies.

### SIXTH DEFENSE

The Complaint is barred because Plaintiffs lack standing to bring the claims asserted.

### SEVENTH DEFENSE

The Complaint is vague and uncertain.

///

2

1    Therefore, the Labor Commissioner prays that:

2       1.      The Complaint, and all claims and prayers for relief therein, be denied its entirety;

3       2.      Plaintiff take nothing from the Labor Commissioner by this action;

4       3.      The Labor Commissioner be awarded her costs incurred in defending this action; and

5       4.      The Labor Commissioner be awarded such further relief that the Court may deem just

6    and proper.

7    Dated:  September 28, 2017                    Respectfully Submitted,

8                                                 XAVIER BECERRA
                                                  Attorney General of California
9

10

11

12                                               JOHN W. KILLEEN
                                                 Deputy Attorney General
13                                               *Attorneys for Defendant California Labor
                                                 Commissioner Julie Su*
14   SA2017109057
     12830181.docx
15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Siegel, Rick v. Julie Su**

No.:   **17K09001**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On September 28, 2017, I served the attached **ANSWER OF CALIFORNIA LABOR COMMISSIONER JULIE SU TO COMPLAINT FOR DECLARATORY RELIEF** by placing a true copy thereof enclosed in a sealed envelope with the **GOLDEN STATE OVERNIGHT**, addressed as follows:

Rick Siegel
22971 Darien Street
Woodland Hills, CA 91364

*Pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 28, 2017, at Sacramento, California.

| Tursun Bier | *Yunsun Bier* |
|---|---|
| Declarant | Signature |

SA2017109057
12831024.docx

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Siegel, Rick v. Julie Su**

No.:   **TBD**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On <u>September 29, 2017,</u> I served the attached **NOTICE OF REMOVAL OF ACTION (28 U.S.C. § 1441(A) – FEDERAL QUESTION)** by placing a true copy thereof enclosed in a sealed envelope with the **GOLDEN STATE OVERNIGHT**, addressed as follows:

Rick Siegel
22971 Darien Street
Woodland Hills, CA 91364

*Pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 29, 2017, at Sacramento, California.

|  |  |
| --- | --- |
| Tursun Bier | /s/ Tursun Bier |
| Declarant | Signature |

SA2017109057
12832843.docx