XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Acting Supervising Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General (attorney for notice)
State Bar No. 258395
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6045
  Fax: (916) 324-8835
  E-mail: John.Killeen@doj.ca.gov
*Attorneys for Defendant California Labor Commissioner Julie Su*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICK SIEGEL,<br><br>            Plaintiff,<br><br>v.<br><br>JULIE SU, in her official capacity as the California Labor Commissioner,<br><br>            Defendant. | Case No. 2:17-cv-07203 CAS (SSx)<br><br>**CALIFORNIA LABOR COMMISSIONER'S STATEMENT OF GENUINE DISPUTES IN RESPONSE TO RICK SIEGEL'S STATEMENT OF UNDISPUTED FACTS[1] IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: February 12, 2018<br>Time: 10:00 a.m.<br>Courtroom: 8D<br>Judge: Hon. Christina A. Snyder<br>Trial Date: None Set<br>Action Filed: September 29, 2017 |

---

[1] On or about December 7, 2017, counsel for the Labor Commissioner was served with a four-page statement of undisputed facts in support of Plaintiff Siegel's motion for summary judgment. However, based on the online docket, it does not appear that this document was ever filed. In an abundance of caution, the Labor Commissioner is submitting this response to Siegel's statement of undisputed facts.

Pursuant to Local Rule 56-2, Defendant California Labor Commissioner Julie Su submits the following responses to Plaintiff Rick Siegel's served, but apparently not filed, statement of undisputed facts in support of Siegel's motion for summary judgment:

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| As written, the only occupation incorporated into Talent Agencies Act (TAA) regulation is talent agents.<br><br>CA. Lab. Code § 1700.5. No person shall engage in or carry on the *occupation of a talent agency* without first procuring a license therefor from the Lab. Commissioner.<br>CA. Labor Code § 1700 ("As used in this chapter, 'person' means any individual, company, society, firm, partnership, association, corporation, limited liability company, manager, or their agents or employees.") even if one wanted to interpret the term as an occupation, does the statute offer specifics so one can know if the legislature meant property manager, store manager, baseball manager, business manager, personal manager or office manager. | This is a legal interpretation, not a statement of fact. But undisputed that the only individuals regulated by the TAA are talent agents. However, whether someone qualifies as a talent agent depends on their conduct, not on their job title. *See Marathon Entm't, Inc. v. Blasi*, 42 Cal. 4th 974, 986 (2008) ("*Marathon*") (the TAA "regulates *conduct*, not labels; it is the act of procuring (or soliciting), not the title of one's business, that qualifies one as a talent agency"). |
| The TAA (Lab. Code §§ 1700 - 1700.45) has no penalty provision; no written notice of remedy, fine or consequence for found violations. | Undisputed. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| The TAA contains no statute providing notice of any consequences for violating any of the Act's tenets. See *Marathon v. Blasi* (2008) 42 Cal.4th 974, 990. 'The Act is silent — completely silent — on the subject of the proper remedy for illegal procurement." | |
| Procuring employment for an artist without a talent agency license is not a criminal act.<br><br>Per 1700.44(b): "Notwithstanding any other provision of law to the contrary, failure of any person to obtain a license from the Labor Commissioner pursuant to this chapter shall not be considered a criminal act under any law of this state.") | Undisputed. |
| The Labor Commissioner does not police or prosecute Talent Agency violations; instead the controversies are initiated and prosecuted by the individuals who would become the sole beneficiaries of a found violation.<br><br>All TAA determinations show that controversies are initiated and alleged violations are prosecuted by the artists who then directly benefit when violations are found. | It is unclear what the term "prosecute" means in this context. Undisputed that in the typical case, TAA controversies are "initiated" by individuals. They are then "hear[d] and determine[d]" by the Labor Commissioner. *See* Cal. Lab. Code § 1700.44(a). The Labor Commissioner's determination may be appealed to the superior court. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| As written, the Talent Agencies Act (TAA) does not reserve the activity of procuring employment of artists to those with talent agency licenses.<br><br>§ 1700.4(a) defines the activities that agents engage in, and §1700.5 states that no one can engage in the occupation of a talent agent without first obtaining a talent agency license, but unlike all other CA licensing schemes where certain activities are reserved for licensees, the TAA has no statute that expressly limits any of the three listed activities in § 1700.4(a) to licensees, nor expressly prohibits non-licensees from engaging in those activities. | This is a legal interpretation, not a statement of fact. It is also disputed. California Labor Code section 1700.5 states that "[N]o person shall engage in or carry on the occupation of a talent agency without first procuring a license . . . ." In turn, Labor Code section 1700.4 defines "talent agency" as a person "who engages in the occupation of procuring . . . employment . . . ." The effect of section 1700.5 is to prohibit non-licensees from procuring employment for artists. |
| The TAA has no penalty provision; no written notice of remedy, fine or consequence for found violations.<br><br>There are no statutes in the TAA (Labor Code Sections 1700. – 1700.45) that contains notice of any consequences for violating any of the Act's tenets, including procuring employment for an artist without a talent agency license. | Undisputed. |
| Procuring employment for an artist without a talent agency license is not a criminal act. | Undisputed. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| Per 1700.44(b): "Notwithstanding any other provision of law to the contrary, failure of any person to obtain a license from the Labor Commissioner pursuant to this chapter shall not be considered a criminal act under any law of this state.") | |
| The TAA charges a $225 fee to those who want to have a talent agency license, irrespective of the domicile of the applicant.<br><br>Labor Code § 1700.12: "1700.12. A filing fee of twenty-five dollars ($25) shall be paid to the Labor Commissioner at the time the application for issuance of a talent agency license is filed. In addition to the filing fee required for application for issuance of a talent agency license, every talent agency shall pay to the Labor Commissioner annually at the time a license is issued or renewed: (a) A license fee of two hundred twenty-five dollars ($225); (b) Fifty dollars ($50) for each branch office maintained by the talent agency in this state. | Undisputed. |
| Despite no codified limitations, The Labor Commissioner does not police or prosecute Talent Agency violations. Instead, only those that stand to benefit from the | It is unclear what the term "prosecute" means in this context. Undisputed that in the typical case, TAA controversies are "initiated" by individuals. They are then "hear[d] and determine[d]" by the Labor |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| Commissioner finding a violation serve as the petitioners, witnesses and prosecutors in TAA disputes.<br><br>TAA determinations note that it is the petitioner presenting the evidence to show how the respondent talent representative violated the TAA. Similarly, all TAA determinations where the petitioner has prevailed show that it is the petitioner who financially benefits from these findings, as their contractual obligations to the talent representative are disgorged. | Commissioner. *See* Cal. Lab. Code § 1700.44(a). The Labor Commissioner's determination may be appealed to the superior court. |
| Procure/procurement and negotiate/negotiation are not synonymous. Thus, should one be legally prohibited from engaging in procurement activities because they do not have the proper licensing, it does not axiomatically preclude them from engaging in the act of negotiating for.<br><br>**Pro•cure**: (1) obtain (something), especially with care or effort. "Food procured for the rebels. *Synonyms*: obtain, acquire, get, find, come by, secure, pick up. (2) Persuade or cause (someone) to do something." he procured his wife to sign the agreement."<br><br>**ne•go•ti•ate**: (1) try to reach an agreement or compromise by | This is a legal argument, not a statement of fact. It is also disputed. The Labor Commissioner addresses this legal argument in her opposition to the motion for summary judgment, which is being filed concurrently. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| discussion with others "his government's willingness to negotiate" *synonyms*: discuss terms, talk, consult, parley, confer, debate. (2) find a way over or through (an obstacle or difficult path). "There was a puddle to be negotiated" *synonyms*: get around, get past, get over, clear, cross. | |
| "Personal managers do not need a license to send out resumes, photographs, videotapes or written materials for an artist."<br><br>This is a direct quote from a brief submitted to the Ninth Circuit Court of Appeals by Atty. General Kamala Harris representing the interests of Gov. Edmund Brown and CA. Labor Commissioner Julia Su acting in their official capacities, stating that this activity is not a violation of Lab. Code 1700.4(a) /1700.5. | Undisputed that the Labor Commissioner included this sentence in a May 25, 2016 Ninth Circuit brief. However, the entire section of the brief must be read to understand the context of this sentence, which the Labor Commissioner discusses in her opposition to the motion for summary judgment, which is being filed concurrently. |
| The Labor Commissioner has routinely found that unlicensed individuals who sent out pictures and resumes for an artist had violated CA. Labor Code 1700.4(a).<br><br>See Labor Commission determinations in Marathon v. Blasi, Marathon v. Hayes, Dauer v. Behr. | Disputed. The Labor Commissioner has not "routinely found" that an individual violated the TAA *just* by distributing information. Rather, as the Labor Commissioner explains in her opposition to Siegel's motion for summary judgment, in each of the cases cited by Siegel, it was undisputed that the personal manager went farther and procured employment for the artist. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| The TAA requires no apprenticeship, proof of proficiency, test or like barrier to acquiring a talent agency license.<br><br>Source: the TAA as written. | Undisputed in part and disputed in part. Undisputed that the TAA requires no "apprenticeship" or "test" to acquire a talent agency license. Disputed that there are no "barrier[s]" to getting or keeping a TAA license. Prospective licenses must submit their fingerprints and character references, their "character and responsibility" may be assessed, and they must post a bond. *See* Cal. Lab. Code §§ 1700.6, 1700.7, 1700.15. Moreover, licensees must adhere to a code of conduct. *See* Cal. Lab. Code §§ 1700.21 (grounds for revocation or suspension of license), 1700.23 (form of contract), 1700.24 (fee schedule), 1700.25 (client funds), 1700.26-1700.27 (records), 1700.28 (posting of laws), 1700.32 (advertisements), 1700.33-1700.38 (artist health and safety), 1700.39-1700.41 (financial interests). |
| Neither CA. Lab. Code § 1700.4 (a) ("'Talent agency' means a person or corporation who engages in the occupation of procuring, offering, promising, or attempting to procure employment or engagements for an artist or artists…"), the violated statute when someone has been found to engage in the occupation of a talent agency without a license, nor any other statute in the TAA expressly states that only licensees can engage in the defined activities of a talent agent.<br><br>Source: the TAA as written. | This is a legal interpretation, not a statement of fact. It is also disputed. California Labor Code section 1700.5 states that "[N]o person shall engage in or carry on the occupation of a talent agency without first procuring a license . . ." In turn, Labor Code section 1700.4 defines "talent agency" as a person "who engages in the occupation of procuring . . . employment . . . ." The effect of section 1700.5 is to prohibit non-licensees from procuring employment for artists. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| In CA. Labor Code § 1700 ("As used in this chapter, 'person' means any individual, company, society, firm, partnership, association, corporation, limited liability company, manager, or their agents or employees.") the term "manager;" is used to define one's place in an organization.<br><br>Source: the TAA as written. | This is a legal interpretation, not a statement of fact that must be disputed or not disputed. |
| The verbiage of CA. Labor Code § 1700.4 (a) is closest to the verbiage of the statutes defining the activities of a psychologist in the CA. Psychologists Act, a landscape architect in the CA. Landscape Architects Act, and an accountant in the CA. Accountants Act. Those schemes regulate title, not activity.<br><br>Source: the TAA as written; also Bus. & Professions Codes | This is a legal interpretation, not a statement of fact. It is also disputed. The Labor Commissioner addresses Siegel's legal arguments in her opposition to the motion for summary judgment, which is being filed concurrently. |
| Per the Defendant's interpretation of the TAA, non-licensed artists' representatives cannot find California-based clients work outside of California without working "in conjunction with, and at the request of, a licensed talent agency in the negotiation of an employment contract." | This is a legal argument, not a statement of fact. It is also disputed. The Labor Commissioner addresses Siegel's legal arguments in her opposition to the motion for summary judgment, which is being filed concurrently. |

| SIEGEL'S UNDISPUTED FACTS AND SUPPORTING EVIDENCE | LABOR COMMISSIONER'S RESPONSE |
|---|---|
| See *Anita Baker v. Bash*, TAC 1996-12, *Robi v. Wolf*, TAC 2000-29. | |

Dated: January 19, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Acting Supervising Deputy Attorney General


/s/ John W. Killeen
JOHN W. KILLEEN
Deputy Attorney General
*Attorneys for Defendant California Labor Commissioner Julie Su*

SA2017109057
33169872.docx

9

## DECLARATION OF SERVICE BY OVERNIGHT COURIER

Case Name:   **Siegel, Rick v. Julie Su**

No.:   2:17-cv-07203 CAS (SSx)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550.

On January 19, 2018, I served the attached **CALIFORNIA LABOR COMMISSIONER'S STATEMENT OF GENUINE DISPUTES IN RESPONSE TO RICK SIEGEL'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** by placing a true copy thereof enclosed in a sealed envelope with the **GOLDEN STATE OVERNIGHT**, addressed as follows:

Rick Siegel
22647 Ventura Blvd., Suite 451
Woodland Hills, CA 91364

*Pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 19, 2018, at Sacramento, California.

| Tursun Bier | /s/ *Tursun Bier* |
|---|---|
| Declarant | Signature |

SA2017109057
12930234.docx