UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-07203-CAS(SSx) | Date | April 25, 2018 |
| Title | RICK SIEGEL V. JULIE SU | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONDISDERATION (Dkt. 33, filed March 27, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7–15. Accordingly, the hearing date of April 30, 2018 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On July 24, 2017, plaintiff Rick Siegel ("Siegel"), proceeding *pro se*, filed a declaratory judgment action in Los Angeles County Superior Court against defendant Julia Su, the California Labor Commissioner, in her official capacity (the "Labor Commissioner"). Dkt. 1 ("Compl."). Siegel alleges that (1) the California's Talent Agencies Act ("TAA"), Cal. Lab. Code §§ 1700 et seq., is unconstitutionally vague under the due process clauses of the United States and California Constitutions; and (2) the TAA substantially burdens interstate commerce and thus violates the "dormant" Commerce Clause of the United States Constitution. On September 29, 2017, the Labor Commissioner removed the action based on federal question jurisdiction.

On November 30, 2017, the Labor Commissioner filed a motion for judgment on the pleadings, dkt. 13; and Siegel filed a motion for summary judgment on December 4, 2017, dkt. 14. The Court heard argument on these motions on February 12, 2018 and thereafter took the matter under submission. Dkt. 29. On March 16, 2018, the Court issued an order granting the Labor Commissioner's motion for judgment on the pleadings and denying Siegel's motion for summary judgment. Dkt. 31 ("Order"). The Court entered judgment on March 28, 2018. Dkt. 34.

On March 27, 2018, Siegel filed the instant motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 33 ("Mot."). On April 9, 2018, the Labor Commission filed an opposition, dkt. 35; and Siegel filed a reply on April 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-07203-CAS(SSx) | Date | April 25, 2018 |
| Title | RICK SIEGEL V. JULIE SU | | |

2018, dkt. 36. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Here, Siegel moves for reconsideration pursuant to subsections (b)(1) and (b)(6) of Rule 60. Mot. at 8. "Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law." DuFour v. Allen, No. 2:14–cv–05616–CAS(SSx), 2017 WL 3013240, at *3 (C.D. Cal. July 12, 2017) (citations omitted). "However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs." Id. (citation omitted). A party seeking reconsideration under Rule 60(b)(6), the "catch-all" provision, must show "extraordinary circumstances justifying the reopening of a final judgment." Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, "[i]n this district, motions for reconsideration are governed by Local Rule 7–18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008), which states: "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7–18.

## III. DISCUSSION

Siegel moves for reconsideration on the grounds that the Court did not account for material facts presented in his pleadings and committed "material errors of law." Mot. at 8. However, Siegel has not demonstrated a "manifest showing of a failure to consider material facts" and the instant motion largely repeats "oral or written argument made in

support of or in opposition to the original motion." C.D. Cal. L.R. 7–18. The Court will nevertheless address Siegel's arguments in brief.

First, Siegel contends that the Court erroneously applied claim and issue preclusion based on his prior challenge to the constitutionality of the TAA. See Siegel v. Bradstreet, No. CV 08-2480 CAS (SSX), 2008 WL 4195949 (C.D. Cal. Sept. 8, 2008), aff'd, 360 F.App'x 832 (9th Cir. 2009). With respect to the application of claim preclusion to his "dormant" Commerce Clause challenge, Siegel contends that the two actions do not involve the "same transactional nucleus of facts" because the suits "are based on the actions of different clients." Mot. at 19. However, the actions of Siegel's clients have no apparent relevance to his legal claims; and it is clear that both suits are part of Siegel's "ongoing efforts to challenge the constitutionality of the TAA." Order at 10. In addition, Siegel argues that the Ninth Circuit's decision in Desertrain v. City of Los Angeles, 754 F.3d 1147 (9th Cir. 2014) constitutes an intervening change in law "mooting" the application of issue preclusion. Mot. at 7, 19. That decision, however, did not change the legal standard applicable to his void-for-vagueness challenge. Accordingly, Siegel provides no basis for the Court to reconsider its res judicata rulings.

With respect to his claim that the TAA is unconstitutionally vague, Siegel contends that the Court erred by not accepting the truth of the allegations in his complaint, failing to consider material facts presented in his pleadings, and erroneously deferring to California authorities interpreting the TAA. Mot. at 7–14. Although the non-moving party's allegations must be accepted as true when considering a motion for judgment on the pleadings, the Court is not required to accept "legal assertions stated in the form of factual allegations." Ketab Corp. v. Mesriani Law Grp., No. 2:14-CV-07241-RSWL, 2015 WL 2084469, at *4 (C.D. Cal. May 5, 2015) (internal quotation marks omitted). The Court also disagrees that Siegel presented "undeniable evidence" of arbitrary changes in the Labor Commissioner's enforcement practices based on a quotation from an appellate brief filed in Nat'l Conference of Pers. Managers, Inc. v. Brown, 690 F.App'x 461 (9th Cir. 2017). Mot. at 10. Moreover, the Court has already considered the various authorities and arguments presented by Siegel in his motion for reconsideration. The Court found them unpersuasive in light Marathon Entm't, Inc. v. Blasi, 42 Cal. 4th 974 (2008), Waisbren v. Peppercorn Prods., Inc., 41 Cal. App. 4th 246 (1995), and related California authorities on the TAA. Although Siegel may raise these arguments on appeal, the Court will not reconsider them here.

In addition, Siegel provides no reason for the Court to reconsider its ruling that the TAA does not violate the "dormant" Commerce Clause. Siegel relies on Sam Francis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-07203-CAS(SSx) | Date | April 25, 2018 |
| Title | RICK SIEGEL V. JULIE SU | | |

Found. v. Christies, Inc., 784 F.3d 1320, 1322 (9th Cir. 2015) (en banc), in which the Ninth Circuit held that a provision of California's Resale Royalty Act regulating sales outside California facially violates the "dormant" Commerce Clause. Mot. at 17–18. The TAA, on the other hand, does not facially purport to exercise jurisdiction over out-of-state transactions. And contrary to Siegel's assertions, the Labor Commissioner demonstrated in her pleadings that the TAA does not operate extraterritorially because only unlicensed personal managers with sufficient contacts in California are subject to the Labor Commissioner's jurisdiction. Order at 11–12; see dkt. 13-2 at 18–21; dkt. 20 at 16–18; see also Chinatown Neighborhood Ass'n v. Harris, 794 F.3d 1136, 1145 (9th Cir. 2015) (holding that "a state may regulate commercial relationships in which at least one party is located in California"). Again, Siegel may pursue these arguments on appeal, but they do not constitute grounds for reconsideration under Rule 60(b) or Local Rule 7–18.

## IV. CONCLUSION

Accordingly, Siegel's motion for reconsideration is hereby **DENIED**.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |